Yes. Your Honor, I really don't have a lot to say that's not in my papers. The only point I would seek to emphasize is that the 2001 removal here, removal warrant that was introduced in trial, it was unnecessary, didn't prove any element of the case, and it was really just to inflame the jury in the context of the facts of the case. You were not trial counsel? I was trial counsel. You were trial counsel. Well, then let me ask you a couple of questions. There, it seems, we've got a Rule 609 question and we've got a Rule 404B question. I thought that during the course of the trial, you acknowledged that the prior removals were relevant to proving one or more of the elements of the offense. The 2000, excuse me, the 2012 removal was, because it showed that he had been removed after May of 2005, the 2001 removal really didn't prove anything. It was just adding to the jury. Why was that prejudicial? Is your argument that that was prejudicial? Yes, Your Honor. How was that prejudicial? Well, Your Honor, I mean to show that someone's been removed again and again beyond the way you're proving the elements of the offense. It serves no purpose at all. It's not relevant at all. It's only prejudicial. Do you think if they hadn't admitted it, that the outcome might have been different? Is that your argument? Yes, Your Honor. Why? Because they wouldn't, they may not. Well, I mean, so they established, they established that he had been removed, correct? And they established that he had suffered a prior conviction, correct? Yes, Your Honor. Two, as a matter of fact. Wasn't it two convictions? Yes, it was two, Your Honor. Right. And didn't the judge actually, I think the government originally wanted to introduce more than two, and the judge said, no, we're not going to pile on here, we're just going to admit two. So didn't the judge take actions to reduce any prejudicial impact by limiting the number of prior removals he admitted? Yes, Your Honor. He did take some action to stop the overreaching of the government, but I would still submit that 2001 removal had nothing to do with the case. So in your view, the district judge abused his discretion in admitting that 201? That's correct. The 20, is it 2001? 2001. A prior removal order. Yes, Your Honor. Okay. Well, do you want to save the rest of your time for rebuttal on these points? Yes, Your Honor. May it please the Court, Benjamin Hawley for the United States. This Court has previously held in, for example, Cruz-Escoto, that multiple prior removals that go to the elements can be admitted. The government's not limited to just one. Well, I mean, you clearly were able to establish the 20, what was it? 2012. 2012, that he'd been removed on a prior occasion. So there... So why do you need two or three or four? Well, in this case, we wanted two for, because, essentially as a hedge in case the jury didn't believe one. And the reason for that is these were actually, there was different proof. So, for example, in the 2001 removal, there was a signed warrant of removal that was introduced into evidence, but there were no witnesses to the departure that we called. Whereas in the 2012, there was no signature on the warrant of removal, but we had So each one... And you thought their credibility might be in doubt? Not that it would be in doubt, but just in case the jury didn't believe them or thought, well, he didn't sign this paper, we don't have evidence of that, that could be a problem. So it acted as a hedge in that sense. And that's why the district court said, you can do two, but let's not do, you know, the 11 that he has. And we limited ourselves to that. Okay. Did you want to respond to anything else? I'm happy if the Court has any questions, but otherwise I'd submit. When the district, I just have one question. I just want to make sure I understood what the district judge did. But with respect to the prior convictions, when he sanitized them, how did that play out? So it was actually one prior conviction. It was the two prior removals, but just the one prior conviction. And what happened is on cross-examination, the government said, Mr. Moreno-Lopez, have you been convicted of a felony after a prior removal? And then the defendant went on, essentially said yes, but it was a lengthy, somewhat non-responsive answer. The district court then tried to focus him back on an answer and say, no, he's just asking where you had a conviction after. He said, yes, I've been convicted. I have several convictions. I've spent a year and a half in jail on this, and continued to amplify his answer, basically. But there was no, in the question posed, there was no indication of what the felony was that wasn't being asked about? No. No, there was not. It was simply a conviction. So the mention of the fact that it was a felony or an offense punishable by more than a year and a day is just to meet the requirements of Rule 609, I take it? Right. Okay. Thank you. Thank you. Counsel, you had some time for rebuttal. Do you want to say anything? No. Okay. Thank you very much. I appreciate your waiving the rest of your time. The matter is submitted. Thank you, counsel.
judges: Reinhardt, Paez, Friedman